FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT -5 PM 2: 19

[signature]
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| JERMAINE McKEEVER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV607-006 |
| ) | [Underlying CR604-010] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. Doc. 1. The government has filed a motion to dismiss movant's motion as untimely. Doc. 7. Movant has filed a response opposing the government's motion to dismiss, and the government has filed a reply to the response. Docs. 8, 9. Because the motion is barred by the statute of limitations applicable to § 2255 motions, the Court recommends that the government's motion be **GRANTED** and the instant motion be **DISMISSED**.

## I. BACKGROUND

Movant pleaded guilty to distributing approximately twelve grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a). CR604-010, docs. 190, 200. On March 2, 2005, he was sentenced to 175 months' imprisonment, five years' supervised release, a $2,400.00 fine, and a $100.00 special assessment. Id., doc. 210. Movant appealed, and the Eleventh Circuit affirmed movant's conviction and sentence on September 15, 2005. United States v. McKeever, 149 Fed. App'x 921 (11th Cir. 2005). On January 9, 2006, the United States Supreme Court denied movant's petition for writ of certiorari. McKeever v. United States, 126 S. Ct. 1117 (2006). Movant filed this motion on January 16, 2007.[1] Doc. 7 at 6.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

---

[1] Although the instant motion was filed with this Court on January 19, 2007, pursuant to the "prison mailbox rule" "a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to the prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citing Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999)). Here, movant's § 2255 motion was delivered to the Bureau of Prisons (BOP) for mailing via certified mail on January 16, 2007. Doc. 7, Exs. A, B. His motion, therefore, is deemed filed on January 16, 2007.

amended § 2255 to require a movant to file a § 2255 motion within one year of the date movant's conviction becomes final. 28 U.S.C. § 2255 ¶ 6. Denial of certiorari by the Supreme Court operates to make a conviction final. Ramirez v. United States, 146 Fed. App'x 325, 326 (11th Cir. 2005); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (prisoner's conviction became final on day Supreme Court denied his certiorari petition). Movant's conviction therefore became final on January 9, 2006, when the Supreme Court denied his petition for writ of certiorari. McKeever, 126 S. Ct. at 1117. Movant filed the instant motion on January 16, 2007. The government asserts that this motion is untimely because movant filed it more than one year after his conviction became final. Doc. 7.

In his response, movant cites to Supreme Court Rule 44 in support of his contention that he timely filed his § 2255 motion. Doc. 8. Movant contends that "the time for filing a [p]etition for rehearing on a denial of a writ of certiourari [sic] tolls the time for filing a § 2255 [m]otion." Id. According to Supreme Court Rule 44, "any petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days

after entry of the judgment or decision." Sup. Ct. R. 44(a). Petitioner admits, however, that he did not file a petition for rehearing. Doc. 8 at 1. But even if he had filed such a petition, it would not have tolled the time to file his § 2255 motion. See United States v. Segers, 271 F.3d 181, 184 n.2 (4th Cir. 2001) ("[F]iling . . . a petition for rehearing of the denial of a petition for certiorari has no effect on the finality of the judgment of conviction."); Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001) ("[A] defendant's conviction becomes 'final' under § 2255 ¶6(1) when the Supreme Court denies the defendant's petition for writ of certiorari . . . irrespective of the opportunity to petition the Supreme Court for rehearing."); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000) ("[J]udgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed.").

Movant further asserts that even if the statute of limitations is not tolled by Rule 44, "he was under the impression" that the Supreme Court

denied certiorari on January 17, 2006.² Doc. 8. He has attached a portion of a docket sheet from the Eleventh Circuit that includes an entry, dated January 17, 2006, indicating that the Supreme Court had denied certiorari. Id. at Ex. A. Movant contends that he "did not have the Supreme Court order but only the docket sheet." Id. He appears to raise a claim of equitable tolling.

"In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Equitable tolling is an extraordinary remedy that is applied sparingly. See Irwin v. Dep't of Veterans' Affairs, 498 U.S. 89, 96 (1990). Movant's reliance on the docket sheet, however, cannot permit the Court to equitably toll his claim. See United States v. McIntosh, 332 F.3d 550 (8th Cir. 2003) (equitable tolling will not apply to save movant who files in reliance on date denial of

---

² While movant contends in his brief that the Supreme Court denied certiorari on January 17, 2007, he cites to an Eleventh Circuit docket sheet entry, dated January 17, 2006, indicating that the Supreme denied certiorari. Doc. 8, Ex. A. The Court assumes that the movant mistakenly typed 2007 in place of 2006.

certiorari docketed by lower court); United States v. Bell, 68 Fed. App'x 762, 764 (8th Cir. 2003) (equitable tolling not warranted since movant "could have asked the [d]istrict [c]ourt for clarification, or, better yet, could have requested a copy of the Supreme Court's order"); United States v. Thomas, 2006 WL 163169, at *2 (E.D. Ark. Jan. 19, 2006); see also Adams v. United States, 173 F.3d 1339, 1342-43 (11th Cir. 1999) (noting a judgment is final when the Supreme Court denies certiorari, not when the Court of Appeals dockets the denial).

Finally, movant argues that he should be "given the opportunity to present his issues" since the Court granted him an extension of time until March 21, 2007.[3] Doc. 8. While the Court did in fact grant movant an extension of time, the extension referred to the time he had to submit his "Memorandum of Law," which he had cited to in support of his § 2255 motion but had failed to attach. Doc. 2. The extension of time therefore

---

[3] Movant also asserts that restricting him from filing his § 2255 motion "would be an effective violation of the [S]uspension [C]lause." Doc. 8. The Eleventh Circuit, however, has held that the one-year limitations period announced in AEDPA does not violate the Suspension Clause. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) ("AEDPA limitations periods do not *per se* constitute a suspension of the writ."); Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001) (finding that, in general, AEDPA's limitation period "does not render collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus.").

had no bearing on movant's filing of his § 2255 petition.

## III. CONCLUSION

Based on the foregoing, movant's motion seeking relief pursuant to § 2255 is untimely. Movant has failed to demonstrate that the rare, extraordinary circumstances that justify equitable tolling exist in this case in order to excuse the belated filing of his motion. Accordingly, the government's motion to dismiss should be **GRANTED** and the movant's § 2255 motion should be **DISMISSED**.[4]

**SO REPORTED AND RECOMMENDED** this 5TH day of October, 2007.

  UNITED STATES MAGISTRATE JUDGE
  SOUTHERN DISTRICT OF GEORGIA

---

[4] Movant's request for appointment of counsel is **DENIED** as moot.